UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DENNY RHODES,

                Plaintiff,

      v.                                      **DECISION AND ORDER**
                                                05-CV-431S

ALEXANDER CENTRAL SCHOOL DISTRICT
and SUPERINTENDENT DICK L. YOUNG,

                    Defendants.

        1.       Presently before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the following reasons, Defendants' motion is granted.

        2.       In adjudicating Defendants' Motion to Dismiss, this Court assumes the truth of the following factual allegations contained in Plaintiff's Complaint.  See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).  Plaintiff was a school bus driver for Defendant Alexander Central School District ("the school district").  (Complaint, ¶ 4.)  He always performed in an exemplary manner. (Id.)  On January 28, 2002, a hearing was held in Defendant Young's office on charges that had been brought against Plaintiff.  (Id. at ¶¶ 5, 7.)  Plaintiff alleges that these charges were false and unproven.  (Id.)  He also alleges that his union representative failed to properly represent him.[1]  (Id. at ¶ 7.)  Nonetheless, Plaintiff's employment with the school district was terminated on January 29, 2002.  (Id. at ¶ 5.)

_____

[1]This Court notes that Plaintiff did not name this union representative as a defendant in this case.

3.      On June 30, 2002, Plaintiff discovered that Defendants terminated his employment because they wanted to give his job to a minority woman bus driver.  (Id. at ¶ 6.)  Plaintiff also learned from people in the community that during his employment, Defendants favored this minority woman bus driver by giving her overtime hours that would otherwise have been given to him.  (Id.)  Plaintiff alleges that "federal questions of discrimination are involved herein" and seeks compensatory and punitive damages.  (Id. at ¶¶ 8, 9.)

4.      Plaintiff commenced this action on June 15, 2005, by filing a Complaint in the United States District Court for the Western District of New York.  Defendants filed the instant Motion to Dismiss on July 29, 2005.  This Court took Defendants' motion under advisement without oral argument.

5.      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a Complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss an action under this rule if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).  On a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will or might ultimately prevail on her claim, but whether she is entitled to offer evidence in support of the allegations in the complaint." Hamilton Chapter, 128 F.3d at 62 (citation omitted).

6.      This Court finds that Plaintiff's Complaint must be dismissed.  Plaintiff's

Complaint does not fulfill the requirements of Rule 8.  It does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Nor does it contain "a short and plain statement of the grounds upon which the court's jurisdiction depends.  FED. R. CIV. P. 8(a)(1).  While Plaintiff's Complaint alleges that "federal questions of discrimination are involved herein," (Complaint, ¶ 8), no cause of action is identified and no basis for jurisdiction is specified.  In fact, nowhere in the Complaint is there a reference to or identification of any federal statutes or constitutional provisions.  The Complaint therefore does not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiwicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) (quoting Conley, 355 U.S. at 47).

7.    Moreover, even assuming that Plaintiff's Complaint puts Defendants on notice of *some* federal discrimination claim and adequately invokes this Court's jurisdiction, it is impossible for Defendants to determine from the face of the Complaint what type of discrimination claim is alleged.  One is left to assume that Plaintiff asserts discrimination based on his gender or race because of his allegation that Defendants terminated his employment in favor of a "minority woman bus driver," (Complaint, ¶ 6), but there is no statement identifying the basis for any discrimination claim.  See Lee v. HealthFirst, Inc., No. 04 Civ. 8787, 2006 WL 177175, at *5 (S.D.N.Y. Jan. 25, 2006) (noting that the grounds upon which a discrimination claim rests must be clear in a discrimination complaint for there to be fair notice).  In Swierkiewicz, for example, the Supreme Court found fair notice where the discrimination Complaint "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination."  534 U.S. at 514.  In stark contrast, Plaintiff's Complaint in this action does not approach this level of detail.  Defendants have therefore

not been fairly put on notice of Plaintiff's claims.[2]

8.      Further, Plaintiff's Complaint fails to meet the pleading requirements for a §
1983 claim.[3]  Civil liability is imposed under § 1983 only upon persons who, acting under
color of state law, deprive an individual of rights, privileges, or immunities secured by the
Constitution and laws.  See 42 U.S.C. § 1983.  On its own, § 1983 does not provide a
source of substantive rights, but rather, a method for vindicating federal rights conferred
elsewhere in the federal statutes and Constitution.  See Graham v. Connor, 490 U.S. 386,
393-94,109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (quoting Baker v. McCollan, 443
U.S. 137, 145 n.3, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)).

9.      To properly plead a cause of action under § 1983, a plaintiff's Complaint must
include allegations that the challenged conduct "(1) was attributable to a person acting
under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity
secured by the Constitution or laws of the United States."  Whalen v. County of Fulton, 126
F.3d 400, 405 (2d Cir. 1997); Hubbard v. J.C. Penney Dep't Store, 05-CV-6042, 2005 WL
1490304, at *1 (W.D.N.Y. June 14, 2005).  Plaintiff's Complaint is devoid of any allegations
satisfying this pleading standard.  Nowhere in the Complaint (or in his opposing papers)
does Plaintiff identify what, if any, federal statutes or constitutional provisions underlie his
§ 1983 claim.[4]  Consequently, Plaintiff has failed to adequately state a claim.

10.     For all of the reasons discussed above, this Court finds that Plaintiff's

[2]That Defendants are not on adequate notice of the nature of Plaintiff's claims is supported by the
fact that Defendants' Motion to Dismiss asserts arguments addressed to both a Title VII claim, 42 U.S.C.
§ 2000e et seq., and to a claim brought pursuant to 42 U.S.C. § 1983.

[3]Plaintiff's counsel explains in his Answering Affidavit that Plaintiff is proceeding only under §
1983.  (Grisanti Aff., ¶ 3.)  For this reason, this Court will not address Defendants' Title VII arguments.

[4]In fact, in his opposing papers, Plaintiff expressly denies that he is proceeding under Title VII,
which would appear to be the federal statute most applicable to this case.

Complaint must be dismissed.  Defendants' motion is therefore granted.


IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 4) is

GRANTED.

FURTHER, that the Clerk of the Court shall take the steps necessary to close this

case.

SO ORDERED.

Dated:   January 30, 2006
          Buffalo, New York


<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge